IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


KATRINA WAY,                                    :
                                                :
     Plaintiff,                                :
                                                :
vs.                                             :   Civil Action No.
                                                :   **7:05-CV-17 (RLH)**
JO ANNE B. BARNHART,                            :
Commissioner of Social Security,                :
                                                :
     Defendant.                                :
_____        :


**ORDER**

    The plaintiff herein filed an application for Supplemental Security Income benefits and for child's insurance benefits[1] on January 19, 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 20, 2003.  In a decision dated March 4, 2004, the ALJ denied plaintiff's claim.   The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

_____

    [1]Apparently there is no issue regarding plaintiff's entitlement to these benefits.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of

impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of obesity and history of cellulitis of the lower extremities, but that she retains the residual functional capacity to perform a full range of sedentary work.

The medical evidence before the ALJ showed that plaintiff weighs more than 400 pounds and is 5 ' 9" (Tr. 133, 231). She has been hospitalized three times with complaints of cellulitis and, in each instance, was released from the hospital within a week after the symptoms were controlled with antibiotics (Tr. 19, 91, 130, 160, 168, 179-180, 183, 234). No doctors placed restrictions on her because of the cellulitis; however,  family doctor Ronald Tyson strongly recommended plaintiff and her entire family work together to lose weight (Tr. 90, 130). Plaintiff testified that doctors also recommended she stretch and exercise to lose weight (Tr. 242). She testified she could not do the recommended exercises because it hurt (Tr. 242). At the hearing in 2003, she said she had recently begun a liquid diet recommended by her doctor to help her lose weight (Tr. 249- 250).

Plaintiff has a past history of allergies, but the symptoms are controlled with medication (Tr. 113, 117-118, 120-121, 125). Plaintiff has mild spurring on her knees and a small hernia that the

doctor will repair after she loses weight (Tr. 129, 177). She has mild chest restriction (Tr. 149).

Plaintiff has a "touch of diabetes," but does not take insulin for the diagnosis (Tr. 240-241).

Dr. Fred Fritzsch examined Plaintiff on March 25, 2001. He noted Plaintiff reported she

exercises rarely, but enjoyed shopping (Tr. 133). Plaintiff was not taking any pain medication at

the time of her examination with Dr. Fritzsch, but stated she was taking medication for her

allergies (Tr. 135). She was not taking any pain medication at the time she completed her initial

application either (Tr. 93). Plaintiff had mildly labored breathing, but no wheezes, according to

Dr. Fritzsch (Tr. 133). Dr. Fritzsch reported no edema and normal tone and strength in plaintiff's

arms and legs (Tr. 133-134). Plaintiff had normal gait, but reduced range of motion in her hips

and knees (Tr. 137-138). Dr. Fritzsch did not observe any restriction on plaintiff's ability to move

her neck, back, arms, shoulders, ankles, feet or wrists (Tr. 137-138). Dr. Fritzsch diagnosed

plaintiff with allergies, diabetes, obesity, elbow pain and knee pain (Tr. 135). Two state agency

non-examining physicians reviewed plaintiff's medical records and determined she was capable

of performing work greater than the sedentary level (Tr. 139-146, 193-200). Both nonexamining

physicians found plaintiff's subjective complaints of pain less than credible in light of the

objective medical evidence (Tr. 144, 198). One physician found plaintiff had limits in her ability

to reach (142), while the other did not (196). Plaintiff described her pain at the hearing as a ten,

on a scale of one to ten, and stated she could only walk twenty-five to thirty feet before she had

to stop and rest (18, 237-238).

   Plaintiff was given medication for pain after her C-section surgery for the birth of her child in

September of 2003 (Tr. 235, 248). She said she had not sought any treatment for her alleged

back pain (Tr. 238). During the day, Plaintiff reads, watches television and does puzzle books

(Tr. 18, 251). Plaintiff said her mother, sister and aunt provide the primary care for her child (Tr. 239-240, 246-247). She walks the baby around the house and buys the baby things, but the baby does not sleep in the same room with her (Tr. 246-247). Plaintiff stated she could not perform a sit-down type job because it would hurt her back to sit and she would squirm in the chair (Tr. 245).

### 1. Credibility

Plaintiff states the ALJ erred in concluding that her subjective complaints of pain were not credible to the extent alleged.   Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.

"[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

However, discrepancies between plaintiff's statements and other evidence provide substantial evidence undermining the credibility of her allegations (Tr. 15, 16). See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (noting that in evaluating a claimant's subjective statements, consideration also must be given to any conflicts between the claimant's statements and the rest of the evidence); ("The ALJ's task is to examine the evidence and resolve conflicting reports."); McCray v. Massanari, 175 F. Supp. 2d. 1329, 1338 (N.D. Ala. 2001) ("the ALJ is entitled to consider inconsistencies between a claimant's testimony and the evidence in the record").

Plaintiff indicated on her initial application and in her examination with Dr. Fritzsch that she was not taking any pain medication (Tr. 93, 135). Although she testified at her hearing that she was now taking pain medication, the medication appeared to relate to a temporary condition related to her C-section surgery (Tr. 235, 248). She provided no objective evidence that doctors had prescribed medication for her pain or that the medication would prevent her from performing sedentary work. At the hearing, the ALJ noted that her testimony regarding the amount of treatment she was receiving was at odds with the records he had received (Tr. 201, 253-255). When asked why she could not perform sedentary type work, she said it would hurt her back and she would squirm in the chair (Tr. 245). However, she admitted she had never sought treatment for her alleged back pain (Tr 238). Plaintiff indicated she spent her days reading, watching television and working puzzle books, all activities associated with sitting (Tr. 18, 251).  See 20

6

C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors

considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009,

1012 (11th Cir. 1987).  Plaintiff's ability to perform these activities significantly contradicts her

allegations of disabling pain.

   In addition, as noted by the ALJ, plaintiff's minimal use of prescription pain medication

further undermines her allegations of disabling pain (Tr. 16, 165, 166). See 20 C.F.R. §§

404.1529(c)(3)(iv), 416.929(c)(3)(iv); Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984).

### 2. Treating Physician

   Plaintiff asserts the ALJ erroneously disregarded the opinion of plaintiff's treating physician,

Dr. Fritzsch, without articulating adequate reasons.

   The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion

of the treating physician is discounted; a non-examining physician's opinion is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v.

Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a

treating physician's opinion and any reason for giving it no weight, and failure to do so is

reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

   Dr. Fritzsch during a consultative exam, diagnosed diabetes, and noted complaints of elbow

pain and knee pain, and noted that the decreased range of motion of the knees and straight leg

raises was secondary to pain.  However, he reported that her decreased range of motion was

predominately due to plaintiff's obesity.  (Tr. 19).  Although plaintiff contends that the ALJ

ignored Dr. Fritzsch's findings of restriction of her range of motion, in fact the only restrictions

noted were in her ability to move her hips, knees and legs; however, plaintiff's gait was normal,

and there were no restrictions on plaintiff's ability to move her neck, back, arms, shoulders, ankles, feet and wrists, and plaintiff had normal strength and tone in her arms and legs.  (Tr. 133-138).  The ALJ did not discount this opinion.

Under the regulations, the Commissioner is ultimately "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability. . . . A statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. §§ 404.1527(e), 416.927(e).  Even when offered by a treating source, opinions determining that an individual is disabled "can never be entitled to controlling weight or given special significance."  SSR 96-5p.

Although plaintiff correctly notes that one non-examining physician opined that she would have restrictions on her ability to reach (Tr. 142, Pl's Br. at 5), the other physician did not (Tr. 196). Dr. Fritzsch observed normal range of motion in the arms and shoulders (Tr. 137-138). Thus, to the extent there was a conflict about plaintiff's ability to reach, the ALJ resolved the conflict as the finder of fact. Plaintiff fails to explain why the ALJ was required to use the opinion of one non-examining physician over the contrary opinion of another.

### 3. Vocational Expert

Plaintiff states that although the ALJ had a vocational expert available to testify at the hearing, the ALJ failed to call the expert, and the resulting reliance by the ALJ on the Grids was error.

In appropriate circumstances, the Grids may be used in lieu of vocational testimony. See Gibson v. Heckler, 762 F.2d 1516, 1520 (11th Cir.1985). However, " '[e]xclusive reliance on the

grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.' " Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir.1987); (quoting Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir.1985)). Ordinarily, when non-exertional limitations are alleged, vocational testimony is used. See Cowart v. Schweiker, 662 F.2d at 736.

During the hearing, the Administrative Law Judge (ALJ) explained to plaintiff and her attorney that a vocational expert was normally scheduled for all hearings and his or her testimony was only taken if it was necessary (Tr. 225). At the conclusion of the hearing, the ALJ indicated she had no questions for the vocational expert and gave plaintiff's attorney the opportunity to question him (Tr. 252). Plaintiff's attorney stated he did not have any questions for the vocational expert (Tr. 252).

The Eleventh Circuit has held, "non-exertional limitations can cause the grids to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level." Murray v. Heckler, 737 F.2d 934, 935 (11th Cir. 1984); see also, Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). The Grids may be used as a framework when a claimant has non-exertional impairments. Social Security Ruling 85-15.

As the ALJ found that plaintiff did not have significant non-exertional impairments, it was appropriate to refer to the Grids in determining whether plaintiff was disabled.

### 4.  *Failure to Develop the Record*

Plaintiff states the ALJ failed to develop the record by failing to send plaintiff for a

consultative examination by an orthopedic specialist in light of plaintiff's problems with her back and knees.

The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981).   However, an ALJ has discretion to determine whether further evidence, such as additional testing, is necessary.  <u>Foster v. Halter</u>, 279 F.3d 348, 355 (6th Cir. 2001).  Further, 20 C.F.R. §§ 404.1517, 416.917 provides that the ALJ may ask for additional tests if the medical sources provided cannot give sufficient medical evidence about the impairments claimed.  The regulations do not require an ALJ to refer a claimant to consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.  <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 214 (6th Cir. 1986).

The failure to order an orthopedic consult was not error given the record before the ALJ, as discussed more fully above, especially the records from Dr. Fritzsch, who examined plaintiff in regards to all her allegations of medical problems and did not find any restrictions that would preclude her from all work.  (Tr. 133-138).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 24th day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd